IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANDRE PATTERSON, *also known as* Janiah Monroe,<br>        Plaintiff,<br><br>v.<br><br>J B PRITZKER, *et al.*,<br>        Defendants. | Case No. 3:25-cv-03065-JEH |

**Order**

Plaintiff, proceeding *pro se* and incarcerated at Logan Correctional Center, files an Amended Complaint under 42 U.S.C. § 1983 alleging that Defendants violated her constitutional rights. (Doc. 12). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

I

Plaintiff files suit against Illinois Governor JB Pritzker, Illinois Department of Corrections ("IDOC") Director LaToya Hughes, Logan County, Record Supervisor Ingram, Counselor Estes, Wardens Jean Case, Long, and Pierce, and Chief Melinda Eddy.

Plaintiff states she is being unlawfully imprisoned in violation of her due process rights and should have been released in January 2010. Plaintiff asserts she entered into a plea agreement providing "day-for-day credit." Under the plea agreement, Plaintiff contends that day-for-day credit was to be awarded toward both her sentence and the time she spent in presentence custody. However, Plaintiff alleges she did not receive the specified amount of credit for time spent in presentence custody. As a result, Plaintiff alleges she was held fifteen years past her release date because Defendants refused to ensure her sentence was appropriately calculated.

II

The IDOC's website lists Plaintiff's projected parole date as September 27, 2050, and her projected discharge date as September 27, 2053. Plaintiff does not specifically ask for release, but her allegations necessarily challenge the duration of her sentence. This challenge must first be pursued in Plaintiff's criminal cases in state court. Plaintiff may not pursue a § 1983 claim for damages, the success of which would imply the invalidity of a criminal conviction or sentence, unless that conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (*Heck* applies to federal prisoners challenging duration of confinement); *Edwards v. Balisok*, 520 U.S. 641 (1997) (extends that rule to state procedures that determine the length of the sentence). "Unless a pardon or a state court sets aside the conviction or decision about time in prison, damages under § 1983 are unavailable. This could be

2

understood to mean that someone in [Plaintiff's] position needs to obtain a ruling from a state court establishing [her] proper release date." *Wells v. Caudill*, 967 F.3d 598, 602 (7th Cir. 2020).

Plaintiff's Amended Complaint is dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court allowed Plaintiff the opportunity to amend her Complaint to allege a cognizable federal claim, but she failed to do so. Any further amendment would be futile. This case is dismissed without prejudice to ensure that Plaintiff may pursue any appropriate relief regarding the length of her sentence.

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Any further amendment would be futile. The Clerk is directed to enter a judgment and close this case.

2)   Plaintiff must still pay the filing fee of $350 even though her case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior Order. (See d/e 3/14/2025).

3)   If Plaintiff wishes to appeal this dismissal, she must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district

judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, she will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: May 2, 2025

s/Jonathan E. Hawley
U.S. District Judge